No. 21078.

OPIE SOWARDS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(408 P.2d 441)

Decided December 13, 1965.

SAMUEL J. MERLO, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

OPIE SOWARDS, plaintiff in error, will hereinafter be referred to either as the defendant or by name.

A jury found Sowards guilty of violating C.R.S. '53, 40-2-34 by committing an "* * * assault upon the person of Homer Hugh Boyd with a deadly weapon with intent to commit a bodily injury upon the person of the said Homer Hugh Boyd in manner and form as charged in the information." Sowards was thereafter sentenced to a term in the State Penitentiary of not less than four nor more than five years. Defendant's combined motions for a judgment of acquittal notwithstanding the verdict and for a new trial were denied and he seeks relief by writ of error.

Two grounds are urged for reversal, viz.:

(1) That the trial court erred in not admitting the testimony of B. J. Goodwin; and,

(2) That the evidence is insufficient to sustain the verdict.

The record discloses that during the afternoon of November 19, 1962, the defendant and the victim, Boyd, whose families apparently had been on friendly terms in the past, had an argument in a bar in Ignacio, Colorado. Later in the evening, the men met again at the defendant's cafe. Although the evidence is conflicting as to what transpired from then on, the outcome was that Boyd was shot in the head and abdomen by Sowards with a .22 caliber pistol.

There is no merit to defendant's second ground

of alleged error that the evidence is insufficient to sustain the verdict. As to the offer of Goodwin's testimony, however, a different situation exists. It appears that Goodwin had heard Boyd make an uncommunicated threat against the defendant a short time prior to the shooting. The victim assertedly stated he was going to Sowards' Cafe to "stomp" it, *i.e.*, wreck it and to "whip" the defendant.

█ In our view, the trial court improperly excluded Goodwin's testimony when offered. We note in this connection that counsel for Sowards stated that the purpose of the testimony was to show "the state of mind of Mr. Boyd"; also, he stated that it was offered as part of the res gestae.

█ Here Boyd's character, temperament and status (which defendant's other evidence showed was that of a large, aggressive, drinking man trying to create trouble), as well as his reason for acting as he did in the cafe, were important to enable the jury to arrive at a proper verdict. We hold, therefore, that a prior uncommunicated threat by the victim against an accused when offered, as here, is "admissible to throw light on the animus, malice, or *state of mind* of the victim * * *." (Emphasis supplied.) 40 C.J.S. *Homicide* § 207; see also *Davidson v. People,* 4 Colo. 145, 149 (1878), and *Commonwealth v. Girkey,* 240 Ky. 382, 42 S.W.2d 513 (1931). In *Wiggins v. People,* 93 U.S. 465, 23 L. Ed. 941 (1876), a case cited in Corpus Juris Secundum *supra,* full force is given to the admissibility of this type of evidence without prior proof of self-defense. In *Wiggins,* a reversal resulted when evidence of a prior uncommunicated threat was excluded. We note that the one dissenting justice there argued that such threats could not properly be admitted unless and until there is other evidence "* * * introduced tending to show that the act of homicide was committed in self-defense and that the evidence of such threats may tend to confirm or explain the other evidence introduced to establish

that defense." That dissenting reason is precisely the position of the People in the instant case. We, however, reject it.

██ In addition to the aforementioned reasons for permitting the admission of Goodwin's testimony, it can well be said that it was also admissible when offered for the reason that it was part of the res gestae, since the alleged threats were made shortly before the shooting and could explain why Boyd went to the cafe and behaved as he did. *Dickson v. State*, 39 Ohio St. 73 (1883); *Pitman v. State*, 22 Ark. 354 (1860). 40 C.J.S. *Homicide* § 276d. states the rule in this connection to be as follows: "[E]vidence of uncommunicated threats of deceased shortly before the killing, together with acts and conduct indicating an intention to put the threats into execution, may be admissible as part of the res gestae." This does not mean, however, that all uncommunicated threats are admissible, for they have to be offered for a proper purpose. Here, for example, the threats were not offered for their truth and yet, the later testimony of self-defense by Sowards' witnesses, including the defendant himself, could well have been corroborated in the minds of the jury by Goodwin's testimony.

The judgment is reversed and the cause remanded for a new trial consistent with the views herein expressed.