No. 23398.

RAYMOND JOHN SCHIFFNER v. THE PEOPLE OF THE STATE OF COLORADO.
(476 P.2d 756)

Decided November 16, 1970.

STEPHEN RENCH, State Public Defender, EDWARD H.

SHERMAN, Public Defender, ISAAC MELLMAN, Special Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, MICHAEL T. HALEY, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

RAYMOND JOHN SCHIFFNER brings this writ of error to a judgment and sentencing arising out of a conviction on a charge of assault with a deadly weapon.

The record in this case discloses that on the afternoon of April 6, 1965, defendant was being held at the central police station in Denver to be booked on municipal charges. While the attending officer was looking after two other prisoners, the defendant started down the stairs at a run. When he reached the first floor, one David Yates, an F.B.I. special agent, saw him running out of the building, and gave chase. As both left the building, Yates testified he heard someone shout from above, "Stop that man."

Defendant entered the Frontier Hotel which was a short distance from the police building where Yates caught up with him. Yates found the defendant in a corner of the lobby, stopped, identified himself as an F.B.I. agent, and then reached for the defendant. At this point the defendant produced a razor, and during the struggle in which the defendant was subdued, Yates received cuts about his face from the razor. Denver police officers arrived on the scene shortly thereafter, and took the defendant into custody.

Defendant was charged in the Denver District Court on April 9, 1965, with assault with a deadly weapon in Criminal Action No. 54108. Around this time he was also charged in Federal Court with assaulting a federal

officer in the course of his duties. Defendant originally plead guilty to the federal charges at which time the state charges were dropped. He later withdrew his plea in Federal Court, and was subsequently acquitted when it became apparent that at the time of the incident Yates was not acting in his capacity as a federal agent. After this acquittal, defendant was again charged in the state court with assault with a deadly weapon leading to this conviction. This charge was filed September 28, 1966, and trial was held on May 24, 1967.

Defendant raises the following allegations of error: (1) that he was denied a speedy trial as required by C.R.S. 1963, 39-7-12, and Colo. R. Crim. P. 48(b); (2) that Yates' arrest was a citizen's arrest, and was illegal for lack of probable cause; (3) that the trial court erred in allowing testimony regarding what occurred prior to the confrontation at the Frontier Hotel; (4) that the trial court erred in the instructions given regarding the right to resist an illegal arrest, and also erred in refusing defendant's tendered instructions in this area; and (5) that the trial court erred in admitting instruction #14 concerning drunkenness. On all the above mentioned allegations, we find no error, and affirm. As we hold that the arrest was legal as a matter of law, point 4 becomes moot and will not be discussed.

I.

In support of his position that he was denied a speedy trial, defendant contends that April 9, 1965, the date of the filing of the first information, must be adopted as the date from which the time limits set by Rule 48(b) began to run. Rule 48(b) requires that trial be held within one year of the filing of the information.

In this case it is apparent that the April 9, 1965, charge was dropped pending the disposition of the federal charges. The trial held on May 24, 1967, was held pursuant to the September 28, 1966, information. Both informations are identical. Of course, the People cannot dismiss and re-file charges indiscriminately and avoid

the mandate of Rule 48 (b). But where the actions of the District Attorney in re-filing are the result of a change in circumstances which justify that action, no violation of Rule 48 (b) occurs. Here the District Attorney was acting for the benefit of the defendant when he dismissed the original information based on the assumption that the defendant should not be punished twice for the same transaction. When it became apparent that the defendant was to escape federal sanctions by reason of a technical objection, it was certainly proper for the District Attorney to re-file the State charges. The actions of the District Attorney here were within the spirit of Rule 48 (b), and, since trial upon the second information was within one year from the date of filing, it was within the letter of the rule as well.

## II.

It was conceded by the District Attorney that Yates did not make the arrest in question as a police officer, but rather as a private citizen. It is contended that Yates, under the facts of this case had no power to arrest, and that the arrest was therefore illegal. We do not agree.

C.R.S. 1963, 39-2-20 provides that a private citizen may arrest for any "criminal offense committed in his presence." Denver has a municipal ordinance, Denver, Colorado Revised Municipal Code § 844.2, which makes it unlawful to escape from custody and provides for a prison sentence as a penalty. In *Canon City v. Merris*, 137 Colo. 169, 323 P.2d 614, we held that where the violation of a municipal ordinance permits confinement as a penalty, the violation is a criminal offense.

The evidence showed that Yates was on the main floor of the building when the defendant, in an excited condition, came bolting down the stairs from the booking room and ran out into the street. The escape was being effected in Yates' presence and he had, under the circumstances of the case, reasonable grounds to believe that the defendant was in fact escaping from custody. We hold that Yates acted reasonably in giving chase;

that he had probable cause for arrest; and was within his authority as a private citizen in making the arrest.

### III.

■ Defendant's third contention of error is that the trial court improperly admitted evidence describing what occurred at the police building prior to the actual confrontation at the Frontier Hotel. The trial court admitted this testimony as being part of the *res gestae*. We find no error. In this case it was relevant for the jury to understand the motive of the defendant in the actions he took at the time of the confrontation. We therefore hold that the events at the police station shortly before the confrontation at the hotel were an integral part of the transaction and were properly admitted as part of the *res gestae*. *See Sowards v. People,* 158 Colo. 557, 408 P.2d 441.

### IV.

■ Defendant's final argument is that Instruction #14 was erroneous and highly prejudicial to his case. We disagree. Instruction #14 explained that drunkenness shall not be an excuse for a crime. There was testimony in the record by the defendant that his original arrest was for being drunk. As these events occurred only one hour after that arrest, we find the instruction to have been proper.

The judgment is affirmed.