**STATE of Missouri, Respondent,**

v.

**Leon Claude FRITZ, Appellant.**

No. 56417.

Supreme Court of Missouri,
Division No. 1.

Feb. 12, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Henry H. Fox, Jr. and James N. Cameron, Kansas City, for defendant-appellant.

HIGGINS, Commissioner.

Leon Claude Fritz, with prior felony conviction of burglary, second degree, was convicted by a jury of burglary, second degree, and the court assessed his punishment at 10 years' imprisonment. Sentence and judgment were rendered accordingly. §§ 556.280, 560.045, 560.095, V.A.M.S. (Appeal taken prior to January 1, 1972.)

Appellant does not question the sufficiency of evidence to sustain his conviction. A brief statement will demonstrate a case of burglary, second degree, and serve to present appellant's contentions.

On February 2, 1970, at approximately 10 p.m., a Kansas City, Missouri, police dispatch call announced to patrol cars over the police radio that prowlers were inside a residence at 6109 McGee, Kansas City, Jackson County, Missouri. Federal Treasury Agent Kelly, in a car equipped with police radio, answered the call, as did Officers Merle and Walker in their separate police cars.

Agent Kelly exercised no local law enforcement jurisdiction but his department had put his car on the streets to assist the Kansas City police department on local calls. This arrangement had existed for eight months.

Agent Kelly understood from the dispatch that police were being sent to a residence in the 6100 block on McGee, a Caucasian neighborhood, to investigate a prowler inside an occupied residence. When Agent Kelly arrived in the area of 61st Street and McGee, he saw a man running across the front yard of the corner house. As Agent Kelly proceeded along the street, the runner stopped and stood behind shrubbery and between the shrubbery on the north side of the house and the house itself, looking back around the corner of the house in the direction from which he had run.

Agent Kelly alighted from his car, identified himself to the hiding man, and told him to come out of the brush. Upon the man's failure to comply, Agent Kelly drew his service revolver and ordered him out. After the man complied, Agent Kelly handcuffed him, placed him in his car, and called other police through use of his police radio. The person thus observed and held was Leon Claude Fritz, a black man. Agent Kelly viewed the circumstances as constituting the felony of burglary, first degree.

Officer Merle came to Agent Kelly's car at the corner which was about 100 feet or so from 6109 McGee where the incident occurred. The officers took Fritz to their car, parked about a half block from the corner, where they searched him and found a wallet bearing identification of the deceased husband of the occupant at 6109 McGee, a pair of gloves, a Phillips head screwdriver, a knife and a flashlight. Agent Kelly made no search of the man.

Mrs. Lucile Deramus lived alone at 6109 McGee. At about 10:00 p.m., February 2, 1970, she was asleep in her basement recreation room when awakened by a door being pushed open and footsteps on her kitchen floor above. The prowler cast a beam from his flashlight down the basement steps, after which he went upstairs to the second floor. She then called the police. The prowler, using a knife or screwdriver, dug a hole in one of her doors, and the outside front door had been damaged. Her husband's wallet was the only item she found missing after the burglary. She heard the police in the course of arresting appellant shortly after she called them.

Appellant contends, first, that Agent Kelly's custody of defendant was unlawful because it was done without "jurisdiction" and because he had no knowledge a felony had been committed or reasonable grounds to believe defendant had committed a crime.

■ Agent Kelly's detention or arrest of this defendant may be viewed as the act of a private citizen, irrespective of his position as a federal treasury agent. Schiffner v. People, Colo., 476 P.2d 756; Fisher, Law of Arrest, 167 (1967). And in Missouri a private citizen may make an arrest on a showing of commission of a felony and reasonable grounds to suspect the arrested party. Richardson v. United States, 8 Cir., 217 F.2d 696; § 544.180, V.A.M.S.

■ Agent Kelly had knowledge of commission of a felony through the police

call that a prowler was inside a house with the occupant present in the 6100 block of McGee. A prowler inside an occupied residence is some evidence of the felony of burglary in one or more of its degrees. §§ 556.020, 560.040, 560.045, 560.095, V.A.M.S. And it is not necessary that such arresting citizen have a warrant. Montgomery v. United States, 8 Cir., 403 F.2d 605.

■ Agent Kelly's justification for arrest is shown by his observations of defendant running across the front yard of the corner residence at 61st and McGee, the runner's hiding, and other stealthy action, the time of evening, and the neighborhood; and the consistency of all such observations and incidents with the subject of the police dispatch radioed minutes earlier. This meets the test of "whether at that moment the facts and circumstances within [one's] knowledge and * * * information were sufficient to warrant a prudent man in believing that the [appellant] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142; State v. Keeny, Mo., 431 S.W.2d 95.

Secondly, appellant contends that Agent Kelly's acts in aid of and in cooperation with local law enforcement were governmental action causing the search incidental thereto to be in violation of his rights under the Fourth amendment to the United States Constitution.

■ It may be assumed that Agent Kelly's action was in cooperation with and in aid of local officers constituting governmental action, but such does not render the subsequent search by the Kansas City police officers unlawful in this case.

Appellant's presentation of this contention recognizes and asserts that the search was incidental to the arrest, and it has already been demonstrated that the arrest of appellant by Agent Kelly was lawful. As a consequence, the subsequent

search, incident to such lawful arrest, was equally lawful. State v. Keeny, supra.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.