## No. 26307

## The People of the State of Colorado v. Lucious Cox, Jr.

(546 P.2d 956)

Decided March 8, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, James W. Wilson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal from a conviction of simple robbery. We affirm. On the night of February 23, 1973, a drug store in Colorado Springs was robbed by an armed man who took approximately $50 in bills, some change, and a package of Marlboro cigarettes. The suspect was seen entering the passenger side of a dark sedan driven by the defendant. The police quickly radioed a description of the armed man and the vehicle to all police units.

The transmittal was heard by a patrolman from the Colorado Springs Park Department, who immediately observed and began following a dark sedan driving erratically and very fast. The officer followed the car for approximately two miles and, after receiving more information and deciding that the passenger and the car generally matched the description, he required the car to stop. At that point he observed the passenger lean forward as if to put something under the front seat. He approached the car and asked for the driver's license. He made a closer and less hurried observation of the passenger who, he ascertained, generally matched the description of the alleged robber. More police cars responded to the scene, and the suspects were arrested.

Found under the front seat of the car, on the passenger's side, were a brown bag with coins in it, and a loaded revolver. On the front seat was a package of Marlboro cigarettes, with one or two cigarettes removed. The sum of $50 was found in the billfold of the defendant-driver.

The defendant was charged, along with Richard Anthony Leyba (who was charged with the actual hold-up), with the crime of aggravated robbery. Both defendants filed a motion to suppress and a motion for severance, which were denied. Trial was held on October 25, 1973, and the jury returned the verdict of guilty to simple robbery as to the defendant Cox,

and the verdict of aggravated robbery as to Leyba.

Defendant argues that the trial court erred in denying his motions to suppress and for severance, and further that the evidence was insufficient to support the defendant's conviction.

## I.

The defendant submits that the police officer lacked probable cause for the arrest and search, and that, therefore, the evidence seized should have been suppressed. He asserts that he was arrested merely because of his presence in the car with Leyba, and that mere association does not constitute probable cause.

Leyba was seen walking across the parking lot to the car, moments after the robbery. The car was sighted by the officer only minutes later. The officer followed the car continuously, observing erratic and fast driving, in an apparent attempt by the driver to elude the officer. When the officer ascertained that the description of the robbery suspect's clothing and physical characteristics, as well as the car, matched the radioed description, there was sufficient probable cause to arrest and search. Under the circumstances here no arrest warrant was required. Exigent circumstances obviously exist when suspects are speeding from the scene of the crime. To require a warrant would impose an impracticable burden. *See* section 16-3-102, C.R.S. 1973.

Under the circumstances here the search warrant was not required. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

## II.

Prior to trial, and again at the close of all the evidence, the defendant moved for severance. He argues that the court's failure to grant severance constitutes reversible error. We cannot agree:

The defendant here made an out of court statement and had a prior felony conviction. The prosecutor agreed that the defendant's statement would not be introduced in their case in chief, and that if the defendant took the stand any reference to the co-defendant Leyba, would be deleted prior to the introduction of the statement for impeachment purposes. Although defendant states that had Leyba been tried first, Leyba might have testified on defendant's behalf, we fail to see how defendant would have been unfairly prejudiced by his own statement, or by his own felony conviction. Furthermore, the defendant did not take the stand, and thus the statement did not come in.

Defendant further argues that the brown paper sack and the revolver found underneath Leyba's seat would have been inadmissible as to Cox had the two defendants been tried separately. Defendant cites no authority for this assertion, and we see no plausible reason to support it. Although the inculpatory evidence was, in fact, stronger against Leyba, we find no prejudice in the failure to grant severance. *See* Crim. P. 14.

■ Under the circumstances there was no abuse of discretion in the trial court's ruling. Absent abuse of discretion, the ruling will not be disturbed on appeal. *People v. Robles*, 183 Colo. 4, 514 P.2d 630 (1973).

## III.

■ Defendant last argues that the defendant was convicted of the crime of robbery merely because of his presence in the automobile. There was no proof, he asserts, that he took part in the commission of the robbery, nor any showing that the defendant aided, abetted, or advised Leyba in the planning or commission of the offense. We cannot agree.

There is no question that defendant did not enter the store during the robbery. However, he is accountable as a principal if, with the intent to promote or facilitate the commission of the offense, he aids, abets, or advises another person in planning or committing the offense. *See* C.R.S. 1963, 40-1-703.[1] Under the facts of this case, circumstantial evidence was certainly sufficient for the jury to conclude that defendant did intend, at least, to aid in the commission of the aggravated robbery.

Judgment affirmed.

---

[1] Now section 18-1-603, C.R.S. 1973.