## C-908

**City and County of Denver, a municipal corporation, and Jon L. Teel v. Jimmy Dale Gallegos**

(560 P.2d 444)

Decided January 31, 1977.                    Rehearing denied March 14, 1977.

Wesley H. Doan, Joseph E. Davies; William J. Chisholm, Assistant City Attorney; Geer and Goodwin, P.C., Robert E. Goodwin, for petitioners.

F. Nelson Pabst, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This is a civil assault and battery action by the respondent, Jimmy Dale Gallegos, against the City and County of Denver and one of its police officers, Jon L. Teel. The trial court entered judgment on a jury verdict in

favor of both defendants, but the Court of Appeals reversed, 37 Colo. App. 230, 546 P.2d 959 (1975). We reverse the Court of Appeals and re-instate the trial court's judgment.

Denver police officers went to the Gallegos home in response to a family disturbance call. When the officers arrived, Gallegos emerged from his home in a state of extreme agitation, carrying a large knife. The offic-ers retreated behind their patrol car and called for assistance. Officer Teel was among several officers who responded to this call. After several min-utes of additional confrontation, Gallegos rushed toward one of the offic-ers. Teel threw a night stick at Gallegos, who then turned and rushed to-ward Teel, knife in hand. When Gallegos was about two feet from Teel, Teel shot him, causing injury.

Gallegos testified that he had not intended to attack or harm Officer Teel, that he had intended to kill himself, and that the knife blade had been pointed inward. Teel testified that he shot Gallegos in self-defense.

At the trial, neighborhood witnesses testified, over objection, that be-fore the police arrived, Gallegos had been beating his pregnant wife with his fists in the back yard of their home. Officer Teel, of course, did not know this at the time he shot Gallegos.

■ The sole issue here is whether the trial court committed prejudi-cial error by admitting the testimony that Gallegos had been beating his pregnant wife before the police arrived. Teel and Denver claim that this evidence was admissible as bearing on the plaintiff's state of mind to show who was the aggressor, or, in the alternative, as part of the res gestae.[1]

We hold that the trial court did not abuse its discretion in admitting this evidence on the question of which party was the aggressor. This issue was raised by Teel's claim of self-defense. The parties agree that this de-fense presented a question of fact for the jury.

Evidence of Gallegos' violent and assaultive disposition immediately before the shooting incident is probative of his aggressive disposition dur-ing that incident. This evidence would also tend to show that Gallegos' hostility was directed toward others and not, as he claimed, solely toward himself. In People v. Loboto, 187 Colo. 285, 530 P.2d 493 (1975), evi-dence of a previous aggressive incident was admitted to show the setting in which a crime occurred. There, the victim left the scene of a hostile crowd after being assaulted by one person in the crowd. He was compelled to re-turn to the scene and was then assaulted, beaten, and robbed by a second person, the defendant. This court held:

"This evidence [evidence of the prior incident] . . . was properly admit-ted for the purpose of showing the entire chain of events which led to the

---

[1] It should be noted that although Officer Teel's state of mind is relevant to whether he acted in self-defense, this evidence was not offered on the issue, of his state of mind, for he did not know of the wife beating at the time he shot the plaintiff.

commission of the crime charged. [Cite omitted.]

"Criminal occurrences do not always take place on a sterile stage; and where, as here, the events leading up to a crime are a part of the setting in which it occurred, no error is committed by permitting the jury to view the criminal episode in the context in which it happened." 530 P.2d at 496.

Here Teel's claim of self-defense raised the issue of whether the "victim" was actually the assailant. *Sowards v. People*, 158 Colo. 557, 408 P.2d 441 (1965) is analogous. There, the victim's previous, uncommunicated threat against the person accused of committing the assault and battery was held admissible on the issue of who was actually the aggressor.

We reverse the judgment of the Court. of Appeals and reinstate the trial court's judgment.

MR. JUSTICE ERICKSON, MR. JUSTICE LEE, and MR. JUSTICE GROVES dissent.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. The question before us is one of relevancy. Evidence is generally deemed "relevant" if it has probative value as to some fact which is material to the case. The probative value of the evidence, however, must not be outweighed by its prejudicial impact, misleading or confusing character, waste of time, or cumulative nature. *See, e.g., Diamond Rubber Co. v. Harryman*, 41 Colo. 415, 92 P. 922 (1907); *Courvoisier v. Raymond*, 23 Colo. 113, 47 P. 284 (1896); *L. Cleary, McCormick on Evidence* § 152 (2d ed. 1972); *Uniform Rules of Evidence* 401, 403 (1974). The only issue here was whether the defendant shot the plaintiff in self-defense.

The majority concedes, however, that the evidence of prior misdeeds was not relevant to the issue of self-defense insofar as the material inquiry there is the *defendant's state of mind*. The officer in this case was ignorant of what transpired prior to his arrival at the scene.

I do not concur in the view that the evidence relating to Gallegos' alleged assault on his wife was admissible by referring to such terms as "*res gestae*" or the plaintiff's "disposition during the incident." The generalized rubric of these terms should not be abused. The only disputed issue in this case was the defendant's state of mind at the time he shot the plaintiff. This issue is what defines the scope of a concept such as *res gestae*. To allow the jury to consider evidence which is so obviously prejudicial and pertinent only to collateral events is to allow the case to be tried on the basis of the plaintiff's character. The court of appeals correctly analyzed the problem: "In order for the jury to determine the resonableness of the officer's apprehension of great bodily harm at the time of the shooting the jury was entitled only to the same knowledge available to the officer at

the time." *Gallegos v. City and County of Denver*, 37 Colo. App. 230; 546 P.2d 959 (1975).

Accordingly, I would affirm the court of appeals.