MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
This is a civil assault and battery action by the respondent, Jimmy Dale Gallegos, against the City and County of Denver and one of its police officers, Jon L. Teel. The trial court entered judgment on a jury verdict in *416 favor of both defendants, but the Court of Appeals reversed, 37 Colo. App. 230, 546 P.2d 959 (1975). We reverse the Court of Appeals and reinstate the trial court’s judgment.
Denver police officers went to the Gallegos home in response to a family disturbance call. When the officers arrived, Gallegos emerged from his home in a state of extreme agitation, carrying a large knife. The officers retreated behind their patrol car and called for assistance. Officer Teel was among several officers who responded to this call. After several minutes of additional confrontation, Gallegos rushed toward one of the officers. Teel threw a night stick at Gallegos, who then turned and rushed toward Teel, knife in hand. When Gallegos was about two feet from Teel, Teel shot him, causing injury.
Gallegos testified that he had not intended to attack or harm Officer Teel, that he had intended to kill himself, and that the knife blade had been pointed inward. Teel testified that he shot Gallegos in self-defense.
At the trial, neighborhood witnesses testified, over objection, that before the police arrived, Gallegos had been beating his pregnant wife with his fists in the back yard of their home. Officer Teel, of course, did not know this at the time he shot Gallegos.
The sole issue here is whether the trial court committed prejudicial error by admitting the testimony that Gallegos had been beating his pregnant wife before the police arrived. Teel and Denver claim that this evidence was admissible as bearing on the plaintiffs state of mind to show who was the aggressor, or, in the alternative, as part of the res gestae.[1]
We hold that the trial court did not abuse its discretion in admitting this evidence on the question of which party was the aggressor. This issue was raised by Teel’s claim of self-defense. The parties agree that this defense presented a question of fact for the jury.
Evidence of Gallegos’ violent and assaultive disposition immediately before the shooting incident is probative of his aggressive disposition during that incident. This evidence would also tend to show that Gallegos’ hostility was directed toward others and not, as he claimed, solely toward himself. In People v. Loboto, 187 Colo. 285, 530 P.2d 493 (1975), evidence of a previous aggressive incident was admitted to show the setting in which a crime occurred. There, the victim left the scene of a hostile crowd after being assaulted by one person in the crowd. He was compelled to return to the scene and was then assaulted, beaten, and robbed by a second person, the defendant. This court held:
“This evidence [evidence of the prior incident] . . . was properly admitted for the purpose of showing the entire chain of events which led to the *417 commission of the crime charged. [Cite omitted.]
“Criminal occurrences do not always take place on a sterile stage; and where, as here, the events leading up to a crime are a part of the setting in which it occurred, no error is committed by permitting the jury to view the criminal episode in the context in which it happened.” 530 P.2d at 496.
Here Teel’s claim of self-defense raised the issue of whether the “victim” was actually the assailant. Sowards v. People, 158 Colo. 557, 408 P.2d 441 (1965) is analogous. There, the victim’s previous, uncommunicated threat against the person accused of committing the assault and battery was held admissible on the issue of who was actually the aggressor.
We reverse the judgment of the Court, of Appeals and reinstate the trial court’s judgment.
MR. JUSTICE ERICKSON, MR. JUSTICE LEE, and MR. JUSTICE GROVES dissent.

 It should be noted that although Officer Teel’s state of mind is relevant to whether he acted in self-defense, this evidence was not offered on the issue,of his state of mind, for he did not know of the wife beating at the time he shot the plaintiff.