MR. JUSTICE ERICKSON
dissenting:
I respectfully dissent. The question before us is one of relevancy. Evidence is generally deemed “relevant” if it has probative value as to some fact which is material to the case. The probative value of the evidence, however, must not be outweighed by its prejudicial impact, misleading or confusing character, waste of time, or cumulative nature. See, e.g., Diamond Rubber Co. v. Harryman, 41 Colo. 415, 92 P. 922 (1907); Courvoisier v. Raymond, 23 Colo. 113, 47 P. 284 (1896); L. Cleary, McCormick on Evidence § 152 (2d ed. 1972); Uniform Rules of Evidence 401, 403 (1974). The only issue here was whether the defendant shot the plaintiff in self-defense.
The majority concedes, however, that the evidence of prior misdeeds was not relevant to the issue of self-defense insofar as the material inquiry there is the defendant’s state of mind. The officer in this case was ignorant of what transpired prior to his arrival at the scene.
I do not concur in the view that the evidence relating to Gallegos’ alleged assault on his wife was admissible by referring to such terms as “res gestae” or the plaintiffs “disposition during the incident.” The generalized rubric of these terms should not be abused. The only disputed issue in this case was the defendant’s state of mind at the time he shot the plaintiff. This issue is what defines the scope of a concept such as res gestae. To allow the jury to consider evidence which is so obviously prejudicial and pertinent only to collateral events is to allow the case to be tried on the basis of the plaintiffs character. The court of appeals correctly analyzed the problem: “In order for the jury to determine the resonableness of the officer’s apprehension of great bodily harm at the time of the shooting the jury was entitled only to the same knowledge available to the officer at *418 the time.” Gallegos v. City and County of Denver, 37 Colo. App. 230; 546 P.2d 959 (1975).
Accordingly, I would affirm the court of appeals.