STATE of Missouri, Respondent,

v.

Jerome McCLOUD, Appellant.

No. 45643.

Missouri Court of Appeals, Eastern District, Division Three.

April 26, 1983.

Thomas S. Hyatt, Sp. Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction, by a jury, of robbery in the first degree in violation of § 569.020, RSMo. 1978. Defendant was sentenced to a term of 10 years' imprisonment. We affirm.

In his sole point on appeal, defendant contends the trial court erred in denying his motion to suppress the victim's identification of defendant and photographs of evidence seized from defendant after his arrest. Defendant contends both the identification and the evidence were the tainted fruits of his arrest which was made without a warrant and without probable cause.

At the hearing on defendant's motion to suppress, evidence of the following facts was adduced. On the evening of July 5, 1981, in a public street near St. Louis University Hospital, defendant and a companion robbed Father John Ambrose Weishar of his keys, wallet and change, and of a paper bag containing shampoo and shaving cream. The defendant held a gun on the victim during the robbery. The victim went immediately to the St. Louis University Hospital Security Office. He reached the office within 90 seconds after the robbery. He reported to the security officers that he had been robbed and described the robbers. One, he said, was black, approximately six feet tall and 165 pounds, and was wearing light colored shorts, a light shirt, and a black baseball cap. The other was black, approximately five feet ten inches tall, and was wearing blue shorts, an undershirt, and a baseball cap. One of the officers broadcast a report of the robbery and described the suspects as two black males, one wearing light colored shorts, the other wearing dark colored shorts, and both wearing baseball caps. Two security officers in a car heard the transmission and drove immediately to the area of the robbery. They arrived within seconds after the broadcast and saw two black males, one of whom was defendant, walking quickly down the street. One of the two subjects made "a rather quick jerking motion." The security officers got out of their car and asked the two men to stop. The defendant and his companion refused. The officers repeated their requests several times and then drew their guns. The defendant threw something up on the roof of a nearby building. The officers then announced that defendant and his companion were being detained for questioning. One of the officers found an identification card belonging to Father Weishar on the ground where it had fallen when defendant threw the object onto the roof. The officers then read the defendant and his companion their rights, placed them under arrest, and took them to the security office. In a search of the area of the arrest, the security officers found a suitcase in the bushes containing a gun and the victim's shampoo and shaving cream, and on the roof of the nearby building, they found the victim's wallet. In a search of defendant conducted at the office, they found other items belonging to the victim. At the security office, the victim identified defendant and his companion as the men who had robbed him. Neither the robbery nor the arrest took place on St. Louis University property.

At the close of the suppression hearing, the trial court found that the defendant had abandoned the suitcase containing the gun and the grooming aids, the wallet, and the identification card belonging to the victim. Therefore, the court found the officers had not discovered these items of evidence through a "search" and defendant had no ground to complain about their use as evidence. The court then found that the remaining items of evidence and the victim's identification of defendant were incident to a valid citizen's arrest. Since no state ac-

tion was involved in the arrest and subsequent search of defendant, the court found he could not invoke the protection of the Fourth and Fourteenth Amendments.

On appeal, defendant contends that, because security officers are licensed and regulated by the State of Missouri and the City of St. Louis, their actions constitute state actions even when they act outside their geographic jurisdiction. Their actions are, therefore, subject to the limits imposed by the Fourth and Fourteenth Amendments. We disagree. In *State v. Gay,* 629 S.W.2d 470 (Mo.App.1982), we held that even a police officer acting outside his geographic jurisdiction can make a valid citizen's arrest if it is shown that a felony has been committed and reasonable grounds exist to suspect the arrested person. *Id.* at 473; *See also State v. Fritz,* 490 S.W.2d 30, 32 (Mo.), *cert. denied,* 411 U.S. 985, 93 S.Ct. 2282, 36 L.Ed.2d 962 (1973). In this case, a felony clearly had been committed, and the security officers had reasonable grounds to suspect the defendant. The officers had heard a relatively specific description of the two robbers and their apparel, and the defendant and his companion matched this description. Further, the officers located defendant and his companion a very short distance from where the crime occurred. The arrest was a valid citizen's arrest, and the search and the identification procedure were, therefore, incident to a valid arrest. We need not determine whether the facts recited above were sufficient to constitute probable cause justifying an arrest by a state officer. The trial court did not err in overruling defendant's motion to suppress the evidence and the victim's out-of-court identification of defendant.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.