No. 23619.

Francisco Crespin *v.* The People of the
State of Colorado.
(488 P.2d 876)

Decided September 20, 1971.

Donald E. Campbell, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, DAVID A. SORENSON, Assistant, for defendant in error.

*In Department.*

Opinion by DONALD P. SMITH, District Judge.*

THE Plaintiff in Error will be referred to as defendant and the Defendant in Error will be referred to as the People. Defendant was charged with burglary and larceny. He was tried before a jury and convicted on both charges.

Defendant alleged that the trial court committed error in the following three particulars:

I. That error was committed in allowing testimony by a sheriff's investigator concerning the consent to search defendant's home and auto given by defendant's wife inasmuch as it is alleged that such testimony was hearsay;

II. That error was committed in allowing a hearing on a motion for new trial without the presence of the defendant and over objection of his counsel; and,

III. That the manner in which the defense attorney conducted the trial was so lacking in competency that it constituted a denial of counsel under the United States Constitution.

I.

The record discloses that Investigator Edwards and two other investigators from the Jefferson County Sheriff's Department went to defendant's home and obtained a written consent from defendant's wife to search the premises and also consent to search an automobile belonging to defendant. It is Investigator Edwards' testimony relative to this issue that is now alleged to be hearsay. No contemporaneous objection was made to this testimony. An examination of the relevant portions of his testimony discloses the following:

"Q. At the time you requested permission to search the apartment house and automobiles, did Mrs. Crespin give you permission at that time?

"A. Yes, sir, she signed a consent to search her home at that time.

. . .

"Q. When you obtained your consent to search the motor vehicle, was the motor vehicle represented to you, or did you ask permission to search that particular motor vehicle, or did the woman say it was her car, or how did you arrive at your plan to search the car?

"A. We asked her which cars were hers, and she named them off to us. There were two automobiles belonging to the Crespins sitting in front of the house.

"Q. And she identified this one, the '62 Chevrolet convertible?

"A. Yes, sir. . . ."

This testimony was not offered to prove the truth of any declarations but merely to show that representations were made and consent obtained. The rule is clear that testimony received for such a purpose is not hearsay. *Prudential Insurance Company v. Sommers,* 148 Colo. 212, 365 P.2d 544 (1961); *Creaghe v. Iowa Home Mutual Casualty Company,* 323 F.2d 981 (1963).

Even had there been hearsay, failure to timely object would have precluded us in the instant case from reversing on the ground that there is an absence of a showing of defects affecting the substantial rights of the defendant. Rule 37(b), Rules of Criminal Procedure (now C.A.R. 1(d)); *Lucero v. People,* 158 Colo. 568, 409 P.2d 278 (1965).

II.

As early as 1877 in *Christ v. People,* 3 Colo. 394, we stated:

"[W]here a mere matter of law is to be agitated before the court, there is no reason why it should not be done by counsel in the absence of the prisoner. To this rule we can see no valid objection, either in reason or prac-

tice. The objection taken in the twelfth assignment, that the prisoner was not present in court in person when the motion for a new trial was determined, comes within the same rule, and cannot be sustained."

This is still the law in Colorado. Defendant's contention in this regard, therefore, is without merit.

III.

Defendant bases his allegation of ineffective counsel primarily on his counsel's actions previously discussed. From an examination of the record, we conclude the same does not disclose any flagrant shortcomings of defendant's counsel from which the conclusion could be drawn that he failed to adequately represent the defendant.

■ The record, taken as a whole, makes it absolutely clear that the defendant was not only adequately represented, but that he was accorded a fair trial together with all of the incidents of procedural due process. For this court to reverse on the basis of inadequate counsel, defendant must meet the test set forth in *Hampton v. People,* 171 Colo. 101, 465, P.2d 112 (1970), which he has totally failed to do.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.