## No. 25040

## The People of the State of Colorado v. George O. Vigil
### (502 P.2d 418)

Decided November 6, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, John A. Purvis, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

A jury found defendant Vigil guilty of theft over $100 in connection with the theft of several T.V. sets from an appliance store. On appeal, the defendant urges reversal on several grounds, none of which are meritorious. We therefore affirm the judgment of the trial court.

I.

The defendant's main argument for reversal is that he was convicted solely on the basis of circumstantial evidence which was insufficient, as a matter of law, to sustain his conviction.

In order to convict a person on circumstantial evidence alone, the facts and circumstances must be such as to be inconsistent upon any reasonable hypothesis with the innocence of the person charged. *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406 (1970). *See also Maynes v. People,* 169 Colo. 186, 454 P.2d 797 (1969).

It is also a general rule that for purposes of review, when a defendant has claimed that the evidence is insufficient to convict, an appellate court should view the evidence

in a light most favorable to the prosecution. *Southard v. People,* 174 Colo. 324, 483 P.2d 962 (1971) and *Bennett v. People,* 155 Colo. 101, 392 P.2d 657 (1964). Ancillary to the foregoing rule, an appellate court must not upon review sit as a 13th juror and set aside a verdict because it might have drawn a different conclusion from all the evidence. *Mathis v. People,* 167 Colo. 504, 448 P.2d 633 (1968).

■ In light of the foregoing rules of law, the evidence in this case has been scrutinized. The evidence presented reveals that the automobile used to transport the stolen items was observed near the scene of the theft and pursued by the police. Shortly thereafter, this vehicle was found abandoned with the stolen T.V. sets contained therein. It was shown that the defendant was the owner of this vehicle and that the driver at the time of the theft matched the defendant's description. When the automobile was abandoned, the police observed two men jump from it and run. In the approximate area where the automobile was abandoned, the defendant and another person were observed under furtive circumstances.

The evidence was sufficient to support the jury's verdict.

## II.

The remaining assignments of error are premised on matters upon which the defendant during trial failed to make a contemporaneous objection. We further note that the defendant also failed to mention most of these alleged errors in his motion and argument for a new trial.

■ This court has consistently followed the rule that a lack of contemporaneous objection at the time of trial constitutes a waiver of any objections to the admission of evidence and the issues may not be raised on appeal; and, if they are, they will not be considered unless the errors are so fundamental as to seriously prejudice the basic rights of a defendant. *Larkin v. People,* 177 Colo. 156, 493 P.2d 1, (1972). *See also Crespin v. People,* 175 Colo. 549, 488 P.2d 876 (1971) and *People v. Smith,* 173 Colo. 10, 475 P.2d 627 (1970).

Our examination of these assignments of error reveals

clearly that they are not of that fundamental character which would justify us to consider them in depth. Furthermore, we note that even though these matters may have involved some error, they are not of such a nature as to be classified as reversible errors. In our view, if error existed with respect to any deficiency in the manner in which evidence was presented as to a certain statement by the defendant, the error was harmless under the rule of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.