## No. 24827

**The People of the State of Colorado v.
Angie H. Gallegos, a/k/a Angie Helen Gallegos**
(509 P.2d 596)

Decided April 16, 1973.                    Rehearing denied May 21, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Seavy, Abbot & Jensen, V. G. Seavy, for defendant-appellant.

MR. JUSTICE HODGES delivered the opinion of the Court.

The defendant was tried for burglary, theft, and conspiracy. She was acquitted of burglary, but a jury found

her guilty of the other charges. We find that none of the assignments of error constitute a basis for reversal. We therefore affirm the judgment.

The record reveals furniture and other articles were stolen from an unoccupied rental house late at night. Entry was made through a back door by breaking its window.

At approximately the time of the theft, a pickup was observed outside the house by a next door neighbor. The man who was loading it with furniture was identified as Leo Santistevan. While not seen actually loading anything, the defendant was positively identified as accompanying Santistevan when the truck was borrowed and when it was being loaded with the stolen goods.

The morning after, a police officer observed part of the stolen goods in a garage. Later that same day, Santistevan and the defendant were arrested together in the house by the garage. Other stolen items were found in the house.

This evidence was capped by the defendant's subsequent confession. At an *in camera* hearing, the trial judge determined the confession was admissible and that it met the *Miranda* requirements.

I.

■ Turning to the arguments, the defendant submits, as one of her allegations of error, that she was unduly prejudiced because certain exhibits used in her trial had court reporter's identification marks on them remaining from their use in the Santistevan trial. Although arrested simultaneously with the defendant, Santistevan was tried separately and before the defendant's trial.

We fail though to see exactly how this resulted in any prejudice and the defendant has made no showing as to how this may have actually prejudiced her. No authority is cited on this novel point. Also, the defendant's trial counsel made no objection when these exhibits were offered and admitted in evidence.

It may have been that the jury could have inferred from the presence of these marks that the exhibits had been used in another trial. However, that fact was mentioned repeatedly

in testimony of several witnesses. At most, the marks constituted harmless error and that is not ground for reversal. *People v. Vigil,* 180 Colo. 104, 502 P.2d 418 (1972).

## II.

■ The defendant also argues that the jury's verdicts were inconsistent, requiring reversal. In the past, we have ruled that under certain circumstances some verdicts are inconsistent as a matter of law, but that is not the situation here. It seems clear that the jury in this case acquitted the defendant of burglary because it did not believe the defendant actually entered the house, entry being an essential element of the crime of burglary. However, entry is not an element of the other offenses charged. The evidence here included ample independent evidence of the conspiracy and theft charges. That being so, the guilty verdicts were not inconsistent with the one acquittal.

"An acquittal of a substantive offense forecloses conviction on a conspiracy if, *and only if,* the only evidence relied on to prove the existence of the conspiracy was also the only evidence used to prove the substantive offense." *People v. Incerto,* 180 Colo. 367, 505 P.2d 1309, 1312, (1973). (Emphasis added.)

*See also Hughes v. People,* 175 Colo. 351, 487 P.2d 810 (1971), and *Armijo v. People,* 170 Colo. 411, 462 P.2d 500 (1969).

## III.

■ The police testimony as to the defendant's oral confession was proper and permissible in all its aspects, in spite of the defendant's suggestion that error was committed. *People v. Weaver,* 179 Colo. 331, 500 P.2d 980 (1972), *Carroll v. People,* 177 Colo. 288, 494 P.2d 80 (1972). The record indicates that before being questioned the defendant was advised of her complete rights; that she read and signed a rights advisement form; that she understood her rights; that she indicated a willingness to talk; and that she "freely and voluntarily" told the police about her involvement in the crime. All of this was brought out at a properly conducted *in camera* hearing as required by *Jackson v. Denno,* 378 U.S.

368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

## IV.

The defendant's remaining assignments of error require no discussion. In our view, they have no merit whatsoever. This analysis is borne out by the fact that in most of the remaining contentions, the defendant presented no contemporaneous objection, or no showing of prejudice, or no citation of authority. Our research has not disclosed any meaningful precedents to ' lend any validity to these assignments of error.

In each allegation of error, we find either there was no error or it was so minor as to be harmless. At least, none amounted to plain error "so fundamental as to seriously prejudice the basic rights of a defendant" and thereby require reversal. *People v. Vigil,* 180 Colo. 104, 502 P.2d 418 (1972).

Judgment affirmed.