## No. 26861

### The People of the State of Colorado v. Thomas Frederick Mills

(557 P.2d 1192)

Decided December 13, 1976.                    Rehearing denied January 3, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, William J. Donlon, Jr., Assistant, Felipe V. Ponce, Assistant, for plaintiff-appellee.

Lawrence M. Henry, for defendant-appellant.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The defendant, originally charged with a "hard sale" of narcotic drugs,[1] was convicted of a "soft sale" after the trial court submitted to the jury only that lesser included offense.[2] We affirm.

Shortly after midnight on December 22, 1973, pursuant to a prior agreement with two co-defendants to purchase cocaine from their "connection," undercover officers met the defendant and the two co-defendants at a motel room. The defendant produced a plastic bag which contained three smaller plastic bags, each filled with a white powdery substance which he identified as 80 percent pure cocaine. A price of $3,375 was agreed upon, and the powder was handed to one of the undercover officers, who began field testing to check its nature and quality. At this point, discovery of a loaded .45 caliber automatic pistol under the defendant's jacket interrupted the transaction and precipitated an arrest before the drug deal was completed. No money changed hands. At trial a qualified

---

[1] 1971 Perm. Supp., C.R.S. 1963, 48-5-20, now section 12-22-322, C.R.S. 1973.
[2] The "soft sale" on which the conviction was based was defined in C.R.S. 1963, 48-5-2, now section 12-22-302, C.R.S. 1973. The defendant also was concurrently tried and convicted for the misdemeanor of carrying a concealed weapon, but that offense is not involved in this appeal.

chemist testified that the white powder was indeed cocaine.

The defendant raises three grounds for reversal. First he asserts that he was prejudiced when witnesses referred to markings placed on certain exhibits for identification as evidence at the earlier trial of his confederates. Secondly, he contends that a police witness without adequate expert qualifications was improperly allowed to testify regarding the number of doses of cocaine contained in the three plastic bags. Finally, he maintains that his motion for acquittal should have been granted because, although the information charged he "did sell" narcotics, no sale was actually completed.

## I.
## *REFERENCE TO PRIOR USE OF EXHIBITS*

The prosecutor, without objection from defense counsel, repeatedly asked questions which predictably elicited incidental references to markings which had been placed on certain exhibits for identification in the separate trial of two co-defendants earlier the same month. However, it was a question from defense counsel that provoked the first actual reference to the prior trial (as distinguished from the markings). Later, when the prosecuting attorney asked a question which elicited testimony that a police witness had seen the same exhibit in that courtroom about two weeks earlier, the defendant's attorney moved for a mistrial. This motion was denied, but the court instructed the jury not to be concerned with the previous markings on the exhibits because those markings had nothing to do with the case on trial. Defense counsel did not object to this instruction or ask for any additional precautionary instruction.

This issue was presented in *People v. Gallegos*, 181 Colo. 264, 509 P.2d 596 (1973). There we held that absent timely objection and a showing of prejudice to the defendant by reference to the prior use of the exhibits, there was no ground for reversal. A defendant is entitled to a fair trial, not a perfect trial. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Whether or not technical error crept into this trial by inadvertent mention of the exhibits' prior use, it is clear that the defendant made no timely objection. Mere possibility of prejudice is insufficient to warrant reversal. *People v. Thomas*, 181 Colo. 317, 509 P.2d 592 (1973).

## II.
## *TESTIMONY ON NUMBER OF DOSES*

Police undercover agent Brown was allowed to explain to the jury how drug users take cocaine, the amount in the usual dose, and that 7,200 doses would have been available from the three ounces involved in this transaction. Apparently this testimony was intended to make the point, relevant to the "hard sale" charge, that this was a large-scale drug deal. Defense counsel objected to this testimony on the grounds that it was "immaterial and prejudicial and speculative." At trial there was neither

an objection that the witness was not qualified as an expert nor an objection to the lack of foundation for his opinions. These points were not mentioned in the defendant's Motion for New Trial.

Defendant now for the first time attacks this evidence as "irrelevant" and claims it was error to allow Officer Brown to express conclusions and opinions without first qualifying him as an expert. He asserts that this was "plain error" which we may consider, even though he did not mention it in his new trial motion.

While issues not raised in a new trial motion generally are not considered on appeal,[3] an exception allows review of "plain error." Crim. P. 52(b). Therefore, we must consider whether this issue involved plain error.

Rule 52(b) equates plain errors with "defects affecting substantial rights. . . ." Only error which is obvious and grave can rise to the status of plain error. Each case in which it is argued that plain error has been committed must be resolved in light of its particular facts and the law that applies to those facts. Only when there is at least a reasonable possibility that the action claimed to be plain error contributed to the defendant's conviction can it justify reversal. *People v. Barker*, 180 Colo. 28, 32, 501 P.2d 1041, 1043 (1972).

In this case the prosecutor made inquiry whether he should qualify Agent Brown as an expert witness, but defense counsel did not respond. Moreover, other witnesses testified regarding the nature and quality of the cocaine. There is nothing to indicate that Brown's opinions and conclusions had any particularly significant or prejudicial effect upon the jury. We conclude that there was no plain error.

## III.
### SUFFICIENCY OF THE INFORMATION

Finally the defendant maintains that since no money changed hands, the drug sale was not completed, and therefore, the information charging that he "did sell" cocaine did not give him adequate notice of the offense charged, a "sale" committed by an "offer" to sell. In support of this proposition, he argues that the particular phrase "did sell" is not defined in the statute to include an *offer* to sell. Therefore, he concludes that the information is fatally defective. He asserts a right to be charged with a lesser inchoate act or attempt.

However ingenious this argument may appear to a grammarian, it has little legal merit. The statute creating the crime defines "sale" to include "barter, exchange, or gift, or *offer therefor*. . . ." C.R.S. 1963, 48-5-1(10) (emphasis added).[4] No completed transaction sealed by a transfer

---

[3] Crim.P. 33. *Quintana v. People*, 152 Colo. 127, 380 P.2d 667 (1963), *cert. denied*, 375 U.S. 863, 84 S.Ct. 132, 11 L.Ed.2d 89 (1963).
[4] Now section 12-22-301, C.R.S. 1973.

of money is required to constitute the "offer" which amounts to a "sale" within this definition.

The judgment of conviction is affirmed.