The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Joe Anthony PEREZ, Defendant-Appellant.

No. 80CA0824.

Colorado Court of Appeals, Div. II.

Aug. 12, 1982.

Rehearing Denied Sept. 23, 1982.

Certiorari Denied Jan. 10, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Joe Anthony Perez, appeals his conviction by a jury of possession of narcotic drugs and possession of narcotic drugs, second offense. We affirm.

The following facts were adduced at trial. On December 7, 1978, Sgt. Donald DeNovellis and Officer Richard Pfeiffer were conducting a narcotics surveillance. DeNovellis observed Perez leave his residence and walk to a store on the corner of 44th and Tejon in Denver. When DeNovellis pulled up behind Perez in his car and got out, Perez saw him and began to run down an alley.

Meanwhile, Pfeiffer had followed another suspect to 44th and Tejon. When he saw Perez begin to run, he joined DeNovellis in the pursuit. Perez, who was throwing away balloons of heroin while he ran, was apprehended after he slipped and fell.

At trial, defendant objected to the testimony of Pfeiffer concerning the surveillance which culminated in his arrival at 44th and Tejon. Perez asserts that information concerning the surveillance was irrelevant because there was no showing that it was connected to the defendant's activities. We disagree.

■ Evidence that DeNovellis was observing Perez and that Pfeiffer was observing another suspect whom he followed to 44th and Tejon is admissible to explain the presence of Pfeiffer at the scene of Perez's arrest. Since the events leading up to a crime are a part of the scenario which explain the setting in which it occurred, *People v. Lobato,* 187 Colo. 285, 530 P.2d 493 (1975), the evidence concerning the Pfeiffer surveillance was admissible. Assuming that this evidence was prejudicial because it permitted an inference that the defendant was involved in drug trafficking, the probative value of the evidence outweighs the prejudicial effect. *See* Colorado Rules of Evidence 403.

■ Perez next contends that the trial court erred in permitting DeNovellis to testify that he had met Perez before the date of the arrest, because this testimony raised an inference that Perez had been involved in criminal activity in the past. DeNovellis' prior contact with Perez permits the inference that Perez recognized DeNovellis as a narcotics agent and fled because he knew he was carrying heroin. Since knowledge is a necessary element of the crime charged, the inference of prior criminal activity is not sufficiently strong to require exclusion of the evidence. *See* Colorado Rules of Evidence 403.

■ Perez finally asserts that an error in the statutory reference in count 3 requires reversal. Count 3, which charges a second offense of possession of narcotic drugs, alleges that the defendant was convicted in 1969 of possession of narcotic drugs in violation of § 12–22–302, C.R.S.1973. Defendant was actually convicted of conspiracy to possess narcotic drugs in violation of C.R.S. 1963, § 40–2–201.

The statutory reference is not a material part of the information, and in the absence of a showing that defendant was actually misled to his prejudice by an inaccuracy, no error arises therefrom. *Lucero v. People,* 164 Colo. 247, 434 P.2d 128 (1967); *see People v. Shortt,* 192 Colo. 183, 557 P.2d 388 (1976). Here, the jury instruction did not contain a statutory reference, but rather it correctly identified the crime of which Perez was convicted in 1969. Defense counsel admitted to the trial court that he was not misled by the mistaken reference. Accordingly, Perez was not prejudiced by the error.

The judgment of conviction is affirmed.

BERMAN and VAN CISE, JJ., concur.