The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

James J. BEASLEY, Defendant-Appellant.

No. 82CA1306.

Colorado Court of Appeals, Div. I.

April 19, 1984.

Rehearing Denied May 24, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Larry S. Pozner, Denver, for defendant-appellant.

TURSI, Judge.

James J. Beasley, defendant, was convicted by a jury of second degree burglary and second degree criminal trespass. On appeal, defendant raises several contentions of error, including the propriety of an investigatory stop. We affirm.

On January 3, 1982, at 3:30 a.m., a security guard for an automobile dealership saw a light colored Vega with temporary plates with its lights off approach a nearby store. He watched two men emerge from the vehicle and walk toward the store. He then notified the police.

Officer Jackson arrived several minutes later, in response to a silent alarm alert. She investigated the building, and found no open doors. Several more officers arrived, and it was discovered that one of the doors previously determined to be closed was now open. In addition, Officer Jackson noticed some faint footprints in the hard-packed snow and ice adjacent to the building. While searching the area, Officer Mackey detained two men who were walking away from the store. Mackey patted down the two men for weapons, and then conducted a field investigation. Officer Mackey was joined by Officer Kraemer and his police dog.

During the investigation, one of the men, co-defendant Jackson, admitted to owning a Vega station wagon with temporary plates. When asked to explain their presence, both defendant and co-defendant stated that their car had broken down approximately thirty blocks away, and that they were heading for a friend's house. Officer Kraemer, who was preparing to have his police dog attempt to track the movements of any intruders, asked both men to lift their feet so he could see the soles of their shoes. Thereafter, they were both placed in patrol cars. No *Miranda* warnings were issued.

The officers searched the store, finding a broken window in the front of the store. In addition, they discovered that merchandise had been gathered and placed into two distinct piles. Thereafter, Kraemer initiated a track with his police dog, beginning at the open door. The dog led Kraemer to where defendant and co-defendant were first detained. At this point, approximately fifteen minutes after defendant and co-defendant had been detained, they were placed under arrest.

On appeal defendant confesses that the initial detention and investigatory stop were permissible under the Fourth Amendment pursuant to *Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971). However, he argues that the detention exceeded its bounds when he and co-defendant were requested to display the soles of their shoes. Therefore, defendant contends that all evidence subsequently obtained should not have been admitted at trial. We disagree.

■ Here, defendant neither moved to suppress this evidence, nor raised its admission as a contention of error in his motion for new trial. Therefore, we must judge defendant's contention under a plain error standard. *Crim.P.* 52(b).

■ In reviewing the facts contained in the record, there is substantial evidence connecting defendant to the burglary. Moreover, as the footprints were faint and incomplete, it was their location, not their shape, which was of importance to the tracking conducted by Officer Kraemer. Thus, the admission of the challenged evidence does not constitute plain error. *People v. Mills*, 192 Colo. 260, 557 P.2d 1192 (1976).

As to defendant's remaining contentions of error, we conclude that the trial court correctly applied the appropriate law to the dispositive facts.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.