The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Lefty ROMERO, Defendant-Appellant.

No. 82CA1171.

Colorado Court of Appeals, Div. II.

May 10, 1984.

Rehearing Denied June 7, 1984.

Certiorari Denied Oct. 22, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Shelley Gilman, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Lefty Romero, appeals his conviction by a jury for unlawful distribution, manufacturing, dispensing, sale, or possession of a controlled substance, in violation of § 18–18–105, C.R.S. (1983 Cum. Supp.). We affirm.

On November 30, 1981, the principal of Trinidad High School discovered two students, Ross Martinez and Chris Gurule, smoking marijuana on school grounds. The police were contacted and the boys were questioned. Both boys stated that it was Martinez who had purchased the marijuana and, although Martinez originally maintained that two "low riders" from Colorado Springs were the sellers, he told the police the next day that, in fact, it was the defendant, a bartender at a local bar, who had sold him the controlled substance. This corroborated a prior statement that Gurule had given the police.

At trial, defendant testified that he knew neither Martinez nor Gurule and that he did not sell, dispense, or distribute any marijuana to Martinez. However, the defendant was found guilty. This appeal followed.

## I.

Defendant's first contention is that the trial court committed reversible error in failing, in its instructions to the jury, to define properly the mental element of "knowingly." Specifically, defendant objects that: (1) although "knowingly" was defined with respect to conduct, or to a circumstance, it was erroneously not defined with respect to the result of defendant's conduct; and (2) a definition of "knowingly" which includes the phrase "or reasonably should be aware" is outmoded and is, thus, a basis for reversal. We do not agree that either of these objections amounts to reversible error.

At trial, the court correctly instructed the jury that the culpable mental state for the offense with which defendant was charged was "knowingly." However, the court defined that element in another instruction as follows:

"A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware, or reasonably should be aware, that his conduct is of that nature or the circumstance exists."

Defendant here concedes that he failed to object to this instruction at trial and that he failed to raise the issue concerning the propriety of this instruction in his motion for new trial. Accordingly, reversal is not warranted absent a finding of plain error "seriously affecting his substantial rights." *Vigil v. People*, 196 Colo. 522, 587 P.2d 1196 (1978); *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972).

"It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). That is, "[o]nly when there is at least a reasonable possibility that the action claimed to be plain error contributed to the defendant's conviction can it justify reversal." *People v. Mills*, 192 Colo. 260, 557 P.2d 1192 (1976). Such a strict rule prevents defend-ants from "gambling for favorable verdicts and then resorting to appeal on errors that might have easily been corrected by objection at trial." *United States v. Stout*, 667 F.2d 1347 (11th Cir.1982).

Here, defendant argues first, citing two murder cases, that it was plain error to omit the following sentence from the instruction in question:

"A person acts 'knowingly' ... with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result."

We perceive no error in the omission of this sentence because, unlike with murder, the "knowingly" element of distributing, dispensing, or selling marijuana does not refer to the actor's awareness that his conduct is practically certain to cause a proscribed *result*, such as death. Rather, it refers to the actor's general awareness of the nature of his *conduct* (namely, that he was selling, dispensing, or distributing), and to the particular *circumstance* of that conduct (namely, that the substance being sold, dispensed, or distributed is marijuana). We reach this conclusion because there is nothing in § 18–18–105, C.R.S. (1983 Cum. Supp.) which refers to any "result" in defining the offense of unlawful distributing, manufacturing, dispensing, sale, or possession.

Defendant argues, secondly, with respect to the instruction that inclusion of the phrase "reasonably should be aware" mandates reversal of his conviction because it lowered the mental element of the charged offense to the level of criminal negligence. While instructions of the type considered here have, under some circumstances, amounted to plain error, *see People v. Freeman*, 668 P.2d 1371 (Colo.1983), we conclude, based on the totality of circumstances, including defendant's theory of defense, *see People v. Pearson*, 190 Colo. 313, 546 P.2d 1259 (1976), that reversal is not mandated here because there is no reasonable possibility that either of the above alleged errors in the instruction contributed to defendant's conviction. *People v. Mills, supra.*

Here, defendant's mental state at the time the offense was committed was never an issue at trial. Defendant did not claim that the person who sold the marijuana to Martinez was unaware that he was selling or dispensing marijuana or that he was unaware that the substance he sold or dispensed was in fact marijuana. Rather, defendant's defense was premised solely on the argument that he was simply not the person from whom the marijuana was purchased. The trial focused on the issue of identity and the credibility of Martinez and Gurule, not on whether the defendant had the requisite mental state.

"Where an element of a crime is not in issue, failure to instruct properly on that issue is not reversible error." *People v. Cardenas*, 42 Colo.App. 61, 592 P.2d 1348 (1979); *People v. Pearson, supra*. Therefore, although the instruction here was improperly worded, under the particular circumstances before us, there was no reversible error.

## II.

 Defendant also contends that the trial court improperly restricted defense counsel's closing argument and, in so doing, violated defendant's constitutional rights to effective assistance of counsel and due process of law. We disagree.

"A trial court, ruling on questions regarding the scope of closing arguments, is exercising a discretion which will not be disturbed by an appellate court unless it is clearly apparent that in so ruling the trial court grossly abused its discretion, which abuse resulted in prejudice and a denial of justice." *People v. Motley*, 179 Colo. 77, 498 P.2d 339 (1972).

Here, defendant admits that "[d]efense counsel was able to comment peripherally on the agreement between Ross Martinez and the State" that Martinez would not be prosecuted if he testified. However, defendant objects to the court's ruling restricting defense counsel on closing argument to stating what Martinez said on the witness stand with reference to the agreement and nothing more.

We perceive no prejudice, much less a "denial of justice," from the court's ruling. The jury was informed on several occasions by Martinez' testimony and by the closing arguments of both counsel that the investigating officer had promised Martinez that all charges would be dropped if he agreed to testify and that, therefore, Martinez had a possible motive to lie in order to exonerate himself. Therefore, we will not disturb the trial court's ruling on appeal. *People v. Motley, supra*.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.