The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

**Benny William Roy QUINTANA,**
**Defendant-Appellant.**

No. 83CA0443.

Colorado Court of Appeals,
Div. IV.

May 9, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Dan B. Fahrney, Lakewood, for defendant-appellant.

HODGES, Justice.*

Defendant, Benny Quintana, appeals from the judgment of conviction entered on a jury verdict finding him guilty of aggravated robbery of drugs, motor vehicle theft, and commission of violent crime. We affirm.

At 5:20 P.M. on January 15, 1981, an individual later identified as Quintana, robbed a Wheatridge pharmacy at gunpoint. He left the pharmacy and was observed getting in the passenger side of a red Mercedes which then sped away from the pharmacy parking lot and proceeded in an easterly direction on West 38th Avenue.

As the Mercedes sped from the parking lot, it pulled in front of a vehicle also traveling east and occupied by two undercover officers. The officers had to brake their vehicle precipitously to avoid a collision with the Mercedes.

Because of the erratic manner in which the Mercedes was being driven, the officers started following it and saw it pull in front of a brown van which was parked by the side of the road with its lights on. As the officers drew close to the parked vehicles they heard a stickup alert alarm on their police radio followed by the police dispatcher announcing that an armed robbery had just occurred at the pharmacy where they had first seen the Mercedes speeding from the parking lot.

The officers made a u-turn and noticed the brown van pull alongside the Mercedes. To prevent either vehicle from leaving, the officers swerved the police car in front of them, radioed for assistance, and arrested the four passengers including Quintana. Contemporaneously with the arrival of uniformed officers, the description of the robber and the get-away vehicle was broadcast and heard by the officers. The description of the robber who sped away from the pharmacy in a red Mercedes matched that of Quintana, who was arrested along with the other occupants of the Mercedes and the van. Cash and personal checks made out to the pharmacy were recovered from defendant's pockets.

I.

Quintana first contends that the officers did not have probable cause to arrest him because, at the time of the arrest, they did

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

not have descriptions of the suspects nor the vehicle. He thus maintains that the trial court erred in refusing to suppress the evidence seized from him and the statements made by him to the officers. We disagree.

Probable cause to arrest exists when the facts and circumstances within an officer's knowledge are sufficient to support a reasonable belief that a crime has been committed by the person arrested. *People v. Quintero*, 657 P.2d 948 (Colo. 1983). The officers saw the Mercedes leave the pharmacy parking lot at a high rate of speed and in a dangerous manner, kept the vehicle under continuous observation, and then received information that the pharmacy had just been robbed. No more than one minute had elapsed between their first observation of the Mercedes and the arrest. These facts, viewed as a whole, were sufficient to warrant the belief by a reasonably cautious officer that an offense had been committed by the occupants of the Mercedes. *See People v. Chavez*, 632 P.2d 574 (Colo.1981). We hold that the evidence supported the trial court's finding of fact and conclusion of law that there was probable cause for the arrest. *See People v. Saars*, 196 Colo. 294, 584 P.2d 622 (1978).

## II.

Quintana next contends that the trial court improperly instructed the jury on the culpable mental states of "knowingly" and "intentionally." Quintana did not object to these instructions at trial and he failed to raise this issue in his motion for new trial. Accordingly, reversal is not warranted absent a finding of plain error. *People v. DeHerrera*, 697 P.2d 734 (Colo.); *Vigil v. People*, 196 Colo. 522, 587 P.2d 1196 (1978); *People v. Romero*, 689 P.2d 692 (Colo.App.1984).

The instruction defining "knowingly," the culpable mental state for aggravated robbery of drugs and for first degree motor vehicle theft, stated:

"A person acts 'knowingly' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware, *or reasonably should be aware*, that his conduct is of that nature or that the circumstance exists." (emphasis supplied)

The instruction defining "intentionally," the culpable mental state for complicity, stated:

"A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense, when his conscious objective is to cause that result or to engage in that conduct *or when his actions are such as to give rise to a substantial certainty that such results will be produced.*" (emphasis supplied)

The emphasized portions of these instructions were deleted from the statutory definitions of "knowingly" and "intentionally" in 1975. Although similar instructions have, under some circumstances, been held to constitute plain error, we conclude, based on the totality of circumstances, that reversal is not mandated in this case because there is no reasonable possibility that either of the alleged errors in the instructions contributed to Quintana's conviction. *People v. Romero, supra.*

Quintana's mental state at the time the offenses were committed was not an issue at trial. Quintana's defense, instead, focused on the credibility of prosecution witnesses and the issue of identity. Where an element of a crime is not relied on as a defense, and where the evidence of guilt is overwhelming, failure to instruct properly on that issue is not reversible error. *People v. Romero, supra.*

Quintana was positively identified by the pharmacist, was apprehended in the Mercedes moments after the robbery, and was in possession of items taken from the pharmacy. Where, as here, the overwhelming weight of the evidence is that the defendant committed the crimes for which he was

found guilty, this factor may be considered in our determination of whether plain error requiring reversal was committed. *See People v. Blair*, 195 Colo. 462, 579 P.2d 1133 (1978).

■ We also reject Quintana's argument that it was error for the aggravated robbery instruction not to restate the term "knowingly" before the element requiring that defendant put the person robbed in reasonable fear of death and bodily injury. The instruction was framed in statutory language and adequately informed the jury of the applicable law. *People v. Freeman*, 668 P.2d 1371 (Colo.1983).

Judgment affirmed.

ENOCH, C.J., and SILVERSTEIN, J.,* concur.