The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Frank Delfino RIVERA,
Defendant-Appellant.

No. 83CA0495.

Colorado Court of Appeals,
Div. I.

May 23, 1985.

Rehearing Denied Aug. 1, 1985.

Certiorari Denied Dec. 16, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins,

Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Following a jury trial, the defendant, Frank Delfino Rivera, was convicted of first degree sexual assault and second degree burglary. His primary contentions on appeal are that the trial court erred in refusing to give his tendered theory of the case instructions and in incorrectly defining an essential element of the charges. We affirm.

The defendant was charged with sexual assault and burglary following an incident that occurred when the victim was alone in her college dormitory room. The victim was awakened by a noise at her window screen, a man "came flying" through the window and into the room, and struck her on the face several times; she fought back, and bit her assailant on his finger.

According to the victim, after the beating the defendant told her he had a knife and he threatened to stab and kill her; then, the defendant sexually assaulted her. After the defendant left, the victim called a friend, who called the police.

The defendant testified at trial that he went to the victim's room because they were acquaintances; that he wanted to surprise her and then have sex with her. He claimed that he leaned on the window, the bottom of which was waist high, and "fell" through into the victim's room. Testimony and photographs were admitted which showed that the screen was mangled, and that a cinder block, not previously in the victim's room, was in her bed following the assault. Also, the defendant admitted at trial that he hit the victim as hard as he could, several times. He said she stopped struggling when she recognized him. The defendant claims that following the strug-

gle, the victim agreed to have sex with him, and that he did not force her.

On appeal, the defendant contends that the trial court erred in its instruction regarding the definition of "knowingly" as required for the offenses of first degree sexual assault and second degree burglary. The trial court instructed the jury that:

"a person acts 'knowingly' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware *or reasonably should be aware*, that his conduct is of that nature or that the circumstance exists." (emphasis added)

The correct instruction should have indicated that a person acts knowingly with respect to conduct when he is aware his conduct is of such nature or that such circumstance exists, and not that he *reasonably should be aware* of those circumstances. *See* COLJI—*Crim.* No. 6:01 (1983).

The defendant did not object to these instructions at trial, and he did not raise this issue in his motion for a new trial. Accordingly, reversal is not warranted absent a finding of plain error "seriously affecting his substantial rights." *Vigil v. People*, 196 Colo. 522, 587 P.2d 1196 (1978); *People v. Romero*, 689 P.2d 692 (Colo.App. 1984).

We agree that the inclusion of the emphasized language was error, *People v. Quick*, 190 Colo. 171, 544 P.2d 629 (1976); *People v. DeHerrera*, 697 P.2d 734 (Colo. 1985); however, in the circumstances of this case we conclude that there was no reasonable possibility that the erroneous instruction contributed to the defendant's conviction, and therefore, reversal is not mandated.

### I. The Burglary Conviction

In addition to the instructions on first degree sexual assault, the jury was instructed on charges of second degree burglary, and criminal trespass. The elemental instruction on second degree burglary

required the prosecution to prove that the defendant entered or remained in the victim's room with the intent to commit sexual assault upon a person. The trial court correctly instructed the jury that a person acts intentionally or with intent when his conscious objective is to cause the specific result proscribed by the statute defining the offense. *See* § 18–1–501(5), C.R.S. (1978 Repl. Vol. 8). The jury was also instructed on criminal trespass, a "knowingly" offense, but instead found the defendant guilty of second degree burglary, which requires the greater culpability element of specific intent.

By its verdict the jury had to have found that the defendant was unlawfully in the victim's room with the intent to commit a sexual assault upon the victim, thereby rejecting the defense of unknowing entry, or consent to remain in the room. Thus, the conclusion is inescapable from the verdict that the jury found that the defendant's conduct was not only knowing, but intentional, as his conscious objective was to perpetrate the sexual assault.

Because the jury concluded that the defendant had the greater culpability element of specific intent to commit the crime, the fact that the instruction on the lesser culpability element of "knowingly" was erroneous could not have contributed to the defendant's conviction. Therefore, reversal of the burglary conviction is not warranted. *People v. DeHerrera, supra; People v. Romero, supra.*

## II. The Sexual Assault Conviction

In light of the finding, implicit in the verdict, that the defendant intended to commit the assault, we conclude that reversal of the guilty verdict on the sexual assault charge is not mandated by the flawed instruction.

Jury instructions must be considered as a whole in determining whether a particular instruction was so misleading as to constitute reversible error. *See People v. DeHerrera, supra; Ramirez v. People,* 682 P.2d 1181 (Colo.1984). Thus, especially since the evidence of the defendant's guilt is overwhelming, and the jury's findings are consistent and indicate no confusion as to the appropriate and applicable mental state required by the statutes, we conclude that the jury instruction erroneously defining "knowingly" did not contribute to the defendant's conviction. *People v. DeHerrera, supra; People v. Romero, supra.*

## III. Theory of Defense Instruction

We also disagree with the defendant's contention that the trial court committed reversible error in not giving his tendered theory of defense instructions.

We recognize that generally a defendant is entitled to have the jury instructed on his theory of the case if there is any evidence to support it, no matter how unreasonable, improbable, or unbelievable the theory is. *People v. Dillon,* 655 P.2d 841 (Colo.1982); *People v. Jones,* 677 P.2d 383 (Colo.App.1983). Nevertheless, if the tendered instruction does not set forth a theory of the case amounting to any more than a general denial, or if the instruction is already encompassed in other instructions given to the jury, the defendant is not entitled to have it reiterated in a separate instruction. *See People v. Montoya,* 44 Colo.App. 234, 616 P.2d 156 (1980).

Here, the defendant's specific defense was that his beating of the victim was not a part of the sexual assault, and that the victim consented to the sexual intercourse. The jury was instructed that consent was an affirmative defense to the charges. Two instructions admonished the jury that it could not find guilt as to sexual assault without finding the element of lack of consent, and that defendant had raised the issue of lack of consent. Therefore, because the proposed instructions were cumulative to the instructions already given on consent, the refusal of the defendant's

instructions was not error. *See Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971); *People v. Montoya, supra.*

The defendant's remaining contentions of error are without merit.

The judgment is affirmed.

PIERCE and BERMAN, JJ., concur.