**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Sammy ABEYTA, Defendant-Appellant.**

**No. 84CA0053.**

Colorado Court of Appeals, Div. I.

May 22, 1986.

Rehearing Denied July 17, 1986.

Certiorari Denied Nov. 17, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard F. Forman, Sol. Gen., Brooke Wunnicke, Chief App. Deputy Dist. Atty., Norman S. Early, Jr., Dist. Atty., David J. Dansky, Deputy Dist. Atty., Denver, for plaintiff-appellee.

James H. Chalat, P.C., James H. Chalat, Gary C. Flynn, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Sammy Abeyta, appeals the judgment entered upon his conviction by a jury of second degree burglary, aggravated robbery, and of being an habitual criminal. Defendant contends that the trial court erred in: (1) allowing evidence of police surveillance of defendant's co-defendant; (2) allowing the trial docket sheet, containing a notation that defendant was charged as an habitual criminal, to be in the public view; (3) disallowing defendant's challenge for cause of a juror; (4) disallowing testimony regarding statements made at the time of arrest; (5) disallowing testimony of three defense witnesses; (6) deny-

ing defendant's motion for mistrial based on the court's oral reading of the credibility instruction; (7) denying defendant's motion for a limiting instruction; (8) submitting defective evidence of prior convictions; and (9) allowing the use of a conviction premised upon constitutionally invalid guilty plea to be used for purposes of sentence enhancement. We disagree with defendant's contentions and therefore affirm.

The evidence at defendant's and co-defendant's joint trial revealed the following: A surveillance of defendant's co-defendant, Anthony Cruz, was set-up by the Denver police on February 11, 1983. The officers saw Cruz pick up defendant in his car and drive away. After driving some distance, Cruz parked the car and opened the hood. Defendant got out of the car and walked away.

Soon thereafter, according to the testimony of Helen Flores, defendant pushed open the front door of her house, and grabbed her. He shoved a gun into the side of her face, threw her on the couch, and tied her up. Defendant then searched Ms. Flores' pockets and took her money. Ms. Flores' friend, Gail Lowe, testified that when she came into Ms. Flores' house, defendant grabbed her, put the gun to her temple, and threw her down. He then ran out of the front door. Ms. Flores fired a single shot at defendant as he ran out the door.

An officer on the surveillance team testified that he saw defendant running from the street where Ms. Flores' house is located. Another officer yelled for defendant to stop, and he was arrested. Immediately after the robbery, Ms. Flores and Ms. Lowe drove their van around the block in an attempt to find the culprit. They saw the police arrest defendant and identified him at that time.

I.

Defendant contends that the trial court's admission of evidence of police surveillance of the co-defendant was error because it was prejudicial to him. We disagree.

"Criminal occurrences do not always take place on a sterile stage; and where, as here, the events leading up to the crime are a part of the scenario which explain the setting in which it occurred, no error is committed by permitting the jury to view the criminal episode in the context in which it happened." *People v. Lobato*, 187 Colo. 285, 530 P.2d 493 (1975).

Here, the police surveillance constitutes an event leading up to the crime and serves to explain the presence of the police officers at the scene of an arrest. *See People v. Perez*, 656 P.2d 44 (Colo.App. 1982). Moreover, even if we assume that this evidence was prejudicial to the defendant because it permitted an inference that the defendant was involved in criminal activity, the probative value of the evidence outweighs the prejudicial effect. *See People v. Perez, supra;* CRE 403.

Defendant's reliance on *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959) is misplaced. The *Stull*-type limiting instruction is required only when evidence of similar acts or transactions is offered. In the present case, the evidence was offered for a clear understanding of the events leading up to the arrest, not as evidence of a similar act.

## II.

Defendant next contends that he was prejudiced by virtue of the trial docket sheet, containing a notation of the habitual criminal charge against him, being in public view. He argues that a mistrial should have been granted because of this fact.

A mistrial is a drastic remedy for prejudicial conduct. The grant or denial of a mistrial is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal absent a gross abuse of discretion prejudicing the defendant. *Massey v. People*, 649 P.2d 1070 (Colo. 1982). The mere possibility of prejudice is insufficient to warrant reversal. *People v. Mills*, 192 Colo. 260, 557 P.2d 1192 (1977). The defendant must show that prejudice has occurred. *See Hamrick v. People*, 624 P.2d 1320 (Colo.1981).

Here, the trial court and defense counsel examined the judge's clerk regarding the possibility that jurors had seen the criminal charge. The clerk testified that the jurors did not look at the docket sheets posted outside the courtroom, and since the habitual criminal charge was on the second page of the docket, it would have been necessary for the jurors to lift page one to see the charge. Defendant offered no evidence negating this testimony nor any indicative of prejudice. Under such circumstances, the trial court did not abuse its discretion in denying defendant's motion for mistrial. *See People v. Hickam*, 684 P.2d 228 (Colo. 1984).

## III.

Defendant next contends that he was denied the right to an impartial jury because one juror initially expressed doubt regarding her ability to be fair, but that the trial court denied his challenge for cause of that juror. We reject defendant's contention.

The trial court need not grant a challenge for cause if it is satisfied from an examination of the juror or from other evidence that the juror will render an impartial verdict according to the law and evidence submitted to the jury at trial. *Nailor v. People*, 200 Colo. 30, 612 P.2d 79 (1980). Since the factors of credibility and appearance which are determinative of bias are best observed at the trial court level, the ultimate decision is one of the trial court's sound discretion. *Nailor v. People, supra.* And, such decision will not be disturbed on review in the absence of a manifest abuse of discretion. *People v. Taggart*, 621 P.2d 1375 (Colo.1981).

In determining whether the trial court grossly abused its discretion, the test is whether the juror would render a fair and impartial verdict based on the evidence presented at trial and the instructions given by the court. *People v. Wright*, 672 P.2d 518 (Colo.1983).

Here, the judge, defense counsel, and the prosecutor conducted an extensive voire dire of the juror. Although the juror initially stated that she was unsure if she could be fair, she later stated that she could stand back from her emotions and be analytical. She also stated that she would make every effort to be fair and impartial. Based on the record of the extensive inquiry by the trial court and counsel, we conclude that the juror dispelled the initial concern about her fairness, and the trial court's refusal to grant the challenge for cause was not an abuse of discretion.

## IV.

Defendant next contends that the trial court erred in excluding a statement the defendant made to a detective after the arrest on the grounds of hearsay.

Hearsay declarations made by a defendant in his own favor are generally not admissible for the defense. A self-serving declaration is excluded because there is nothing to guarantee its testimonial truthworthiness. If such evidence were admissible, the door would be thrown open to obvious abuse; an accused could create evidence for himself by making exculpatory statements for subsequent use at his trial. *People v. Cunningham*, 194 Colo. 198, 570 P.2d 1086 (1977). *See United States v. Bennett*, 539 F.2d 45 (10th Cir. 1976) (defendant may not place his testimony before jury and also avoid cross-examination).

Here, the record is devoid of any evidence which would support defendant's statements. Accordingly, we agree with the trial court's holding that defendant's statements were inadmissible under the hearsay rule.

## V.

Defendant next contends that the trial court erred in excluding testimony of three defense witnesses. Again we disagree.

Trial courts have broad discretion in controlling the mode and extent of the presentation of evidence and the admission of

rebuttal testimony is largely discretionary with the trial court. *People v. Cole*, 654 P.2d 830 (Colo.1982). The trial court must use its discretion in determining whether the tendered testimony is relevant and not speculative. *People v. Wilson*, 678 P.2d 1024 (Colo.App.1983).

Here, the trial court conducted an *in camera* examination of the witnesses. Only one of the three witnesses was endorsed for trial. The prosecution was not informed of the other two witnesses until the last day of the People's presentation at trial. The co-defendant in this case met these witnesses while incarcerated at the Denver County Jail where they discussed the case. During the *in camera* examination it became apparent that all of these witnesses intended to invoke their Fifth Amendment rights when questioned about how they knew Ms. Flores. This testimony is equivalent to no testimony at all.

Defendant also attempted to elicit testimony from these witnesses concerning Ms. Flores' alleged use and sale of illegal drugs. Here, defendant offered testimony to rebut Ms. Flores' statements that she did not know defendant prior to this incident. The trial court conducted an *in camera* examination of the witnesses. One of the witnesses told the court, "I don't know if they [Ms. Flores and defendant] know each other," and he stated further only that he had seen them at the same place, but not together. Another witness chose to invoke his Fifth Amendment right when questioned. Under this state of the record, the testimony was speculative and was, therefore, inadmissible.

We agree with the trial court's ruling that the tendered witnesses' testimony as to any drug dealing by Ms. Flores was not relevant to the issues to be resolved at trial. Hence, the trial court's rejection of this evidence was proper.

## VI.

Defendant next contends that he was prejudiced by the trial court's oral reading of the credibility instruction. We disagree.

In its reading of the instruction to the jury, the trial court stated: "You are the sole judge of the credibility of witnesses ... including the defendant's." However, the defendant did not testify in this case, and he argues this reference to him in the instruction was reversible error.

Not every reference to the defendant's exercise of his right to remain silent mandates reversal. *People v. Nave*, 689 P.2d 645 (Colo.App.1984).

■ Reversible error exists only if the attention of the jury is directed to the defendant's silence and is used as a means of inferring guilt. *People v. Ashton*, 661 P.2d 291 (Colo.App.1982).

■ In the present case, defendant did object after the instruction was read, yet prior to the reading counsel was given an opportunity to view the instructions and no objection was made. When the instructions were given to the jury, the credibility instruction was retyped and the words "including the defendants" were omitted. Under these circumstances, defendant's rights were sufficiently protected. *See People v. Nave, supra.*

No further reference was made to defendant's silence and any discussion of the matter was held out of the hearing of the jury. Defendant's right to remain silent was further protected by the general instruction on his right to remain silent. Under these circumstances, even if error was committed, the error was harmless. *See People v. Miller*, 37 Colo.App. 294, 549 P.2d 1092 (1976) (no plain error in similar circumstances concerning same instruction); *see also Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

## VII.

■ Defendant next contends that the trial court erred in failing to instruct the jury as to the limited purpose of certain evidence. We disagree.

First, defendant claims that evidence of flight was only admissible against Cruz, the co-defendant. Based on the record we find no support for this claim. Five witnesses testified as to defendant's flight from the scene of the robbery. Further, the court did instruct the jury to consider evidence separately as to each defendant.

Second, defendant claims that the police surveillance of co-defendant was admissible only against co-defendant. We disagree.

The testimony at trial concerned only those events which occurred after co-defendant had picked up defendant. As noted above in part I, this evidence was properly admitted against defendant to explain the presence of police officers at the scene of the crime and no limiting instruction was necessary.

## VIII.

Defendant next contends that the trial court erred in the habitual criminal trial in submitting evidence of prior convictions which were inaccurate. We disagree.

■ Technical defects in the form of an information do not require reversal unless the substantial rights of the defendant are prejudiced. *Oaks v. People*, 150 Colo. 64, 371 P.2d 443 (1962). When a defect in the information is one of form, rather than substance, it does not constitute a failure to charge an offense. *People v. Hunter*, 150 Colo. 64, 666 P.2d 570 (1962). Objections to the form of an information must be made before trial or they are waived. *People v. Hunter, supra.*

■ In the present case, the prosecution offered sentencing and conviction documents for each offense charged. A fingerprint expert testified that the defendant's fingerprints were made by the same man sentenced for the other offenses. Other physical evidence and photographs were offered for proof of identity.

■ The jury was able to compare the abundance of documentary evidence with the evidence adduced at trial in reaching its conclusion. Based on the evidence, the jury could have found beyond a reasonable doubt that the defendant was the person

named in the prior convictions. *See People v. Mascarenas,* 666 P.2d 101 (Colo.1983).

As to defendant's claim that the verdict forms were defective, a guilty verdict will not be set aside for mere technical defect, unless it is apparent the defendant was prejudiced. *United States v. Fitzgibbon,* 576 F.2d 279, *cert. denied,* 439 U.S. 910, 99 S.Ct. 279, 58 L.Ed. 256 (1978). We find no prejudice to exist in this case.

## IX.

Defendant's final contention is that the trial court erred in admitting in support of the habitual criminal charge a prior conviction premised upon a constitutionally defective plea. We disagree.

In attacking the constitutional validity of a prior conviction in habitual criminal proceedings, the defendant must make a prima facie showing that the challenged conviction was unconstitutionally obtained. Only after the defendant has made such a showing does the burden shift to the People to demonstrate the conviction's constitutional validity by a preponderance of the evidence. *People v. Mascarenas,* 632 P.2d 1028 (Colo.1981).

Here, defendant offered an affidavit, dated January 10, 1985, as a prima facie showing that defendant was intoxicated when the guilty plea in question was entered in 1981. However, contrary to defendant's allegations, the record reflects that, at the providency hearing on the prior conviction, the trial court questioned the defendant about alcohol, narcotics, and any physical or mental defect. The defendant responded that he was not then under the influence of any such substance.

Further, the judge in the providency hearing noted certain circumstances the day before the plea was entered which suggested a possible problem of narcotics or alcohol abuse. As a result, at the providency hearing the judge took special care in questioning the defendant in these areas, and each time the defendant stated that he was not under the influence of any substance and that he did comprehend what was happening.

Under these circumstances, we find that, although a prima facie showing may have been made, the People sustained their burden of demonstrating the constitutional validity of the plea. *See People v. Valdez,* 725 P.2d 29 (Colo.App.1986). Accordingly, that conviction was properly used for sentence enhancement purposes.

The judgment and sentence are affirmed.

PIERCE and TURSI, JJ., concur.